## THE STATE v. JIM BATTERY.

CRIMINAL LAW. *Public road. Running horse on. Indictable. When.* To run and race a horse along a public road to the danger and inconvenience of people, is a misdemeanor, and may be punished as such. It may be done, however, in cases of sickness, &c. Sec. 4882 of Code does not apply to such cases.

Code cited: Sec. 4882.

### FROM TIPTON.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

ATTORNEY GENERAL HEISKELL for the State.

No brief on file for defendant.

FREEMAN, J., delivered the opinion of the court.
35—VOL. 6.

The presentment in this case is as follows: That the defendant did, wilfully and unlawfully, *run and race a horse*, which he was then riding along a public road of the county of Tipton, greatly to the danger and inconvenience of all persons traveling along said road, and against the peace and dignity of the State. This presentment was quashed by his Honor the Circuit Judge.

The question is, Does it charge an indictable offense?

We think it clear it does not charge the offense of horse-racing, under sec. 4882 of the Code, as this section, taken in connection with the previous sections on the subject, applies only to trials of speed between two or more horses, or against time. This indictment does not seem to have been framed in reference to this offense. The question is, Does it not charge a common law offense? Mr. Wharton, vol. 1 of Cr. Law, p. 3, in defining misdemeanors, says: "Whatever mischievously affects the person or property of another, or openly outrages decency, or disturbs public order, is the subject of indictment." He says, in reference to the common law of this country, that it has a wider reach than in England, from the fact that many offenses there were punishable by the ecclesiastical courts, as being against morals; and, secondly, because of the fact that, from the earliest period of judicial history, statutes had been passed defining almost every offense, as it in turn attracted public attention. The colonies, leaving behind them the penal code of the mother country, found themselves com-

pelled to adopt a system of criminal jurisprudence, which depended more on adjudication of courts than enactments of the Legislature. The consequence was, that whenever a wrong was committed, which if statutory remedies alone were pursued would have been unpunished, the analogies of the common law were extended to it, and it was adjudged, if the reason of the case required it, an offense to which the common law penalties reached. He therefore lays it down in a note to p. 4, that the comprehensiveness of the common law, as shown by a series of cases, is such "that there is no public wrong which is not the subject of criminal action." Thus it has been held indictable unlawfully and injuriously to carry a child infected with the smallpox along the public streets. This is evidently on the ground of the danger of injuriously affecting the health of the public, or of persons who may be on such public streets, as they have the right to be. It is therefore an injury to, and violation of, the rights of the public.

If these principles be correct, then we think to run and race a horse along a public road, greatly to the danger and inconvenience of all persons traveling along said road, is such a wrong as injuriously affects the rights of the public, who are entitled to travel along such public thoroughfare, laid out and kept up by the public for their convenience and accommodation, without exposure to such danger and inconvenience. While any man may ride his horse at such speed as he may please, yet, in enjoying the privilege of free use of his own property, he has no right to

expose others to injury or to infringe upon the rights of the general public. Running and racing a horse along a public road, no necessity being shown for such speed, is not the ordinary and proper mode in which such roads are used by prudent men. They were not intended, by the very purpose for which they are opened and kept up, for any such use, but for the ordinary and usual travel of the public. No more dangerous act can be committed in the use of such roads, along which both men, women and children are compelled to travel, and have the right to travel, than the one of running a horse along them, frightening the horses of others, and in many cases endangering life and limb of citizens quietly pursuing their way on the public thoroughfares of the country. It is well calculated to disturb public order, is certainly a violation and injury to public rights, and tends to produce great danger to life and limb of the peaceful citizen.

We therefore hold that to run and race a horse along a public road to the danger and inconvenience of people, is a misdemeanor, and may be punished as such. It is proper to add, that there may be necessity for riding at such speed along even the public road, as in cases of sickness, or to give a neighbor notice of great personal danger or danger to his property. Such necessity, however, as we here indicate would always be matter of defense to be shown by the party. But wantonly, and with no such necessity, it can never be permitted that a party, at his own will, shall expose the lives or limbs of his fel-

low-men to danger, and find such conduct sanctioned by the law of the land, made for the protection and security of all.

Reverse the judgment and remand for a trial.